# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,

    Plaintiff,                                    Case No. 1:18cr014

    v.                                            Judge Michael R. Barrett

Bryant Gartrell,

    Defendant.

## ORDER

This matter came on for consideration of defendant's Motion to Suppress Physical Evidence (Doc. 18) and the United States' Response in Opposition (Doc. 20) thereto. The Court held a hearing on May 21, 2018, and post hearing briefs were submitted by the defendant (Doc. 22) and the United States (Doc. 23).

At the hearing, Cincinnati Police Officer Osterman and Sgt. Hale testified. Osterman and Hale are veteran officers. On July 27, 2017, the officers were working in Cincinnati's Over the Rhine ("OTR") district. The officers were in a marked police cruiser operating in the vicinity of Back and Hamer Street, an area known for its high rate of violence and crime. The officers were westbound on Back Street when they saw individuals scatter from the area surrounding a car parked on Hamer Street. Drawn to this activity, the officers drove up Hamer Street. As the officers' cruiser approached the parked car, the car's two occupants—located in the driver's seat and passenger seat—slumped down in their seats to well below the car's sidewalls. The occupants' actions alerted the

1

officers that the occupants may be attempting to hide something. The officers pulled the cruiser next to the parked car and instructed the occupant of the driver's seat to roll down the window of the car. Upon the window being rolled down, the officers smelled marijuana. Sgt. Hale subsequently exited the cruiser and went to the passenger side of the parked car. Officer Osterman recognized the individual occupying the passenger seat of the parked car, the defendant, as an individual known to be involved in drug-related activity. Officer Osterman noted that there were no wants or warrants active on the defendant at the time. The occupant of the driver's seat had an active capias and was, therefore, detained. As Officer Osterman was aware of the defendant's prior arrest for weapons offenses, he cautioned Sgt. Hale to proceed with care. After ignoring Sgt. Hale's initial commands, the defendant exited the vehicle and ran south past Sgt. Hale. A chase ensued and involved a struggle and the eventual apprehension of the defendant. After returning the defendant to the parked vehicle, the officers uncovered a firearm from underneath the passenger seat of the parked car.

**ANALYSIS**

The Fourth Amendment protects against unreasonable searches and seizures. *Elkins v. United States*, 364 U.S. 206, 222 (1960). To initiate a reasonable seizure, an officer must have a reasonable suspicion that crime is afoot. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). "Reasonable suspicion is judged from the moment of seizure." *United States v. Bridges*, 626 Fed. Appx. 620, 623 (6th Cir. 2015). Therefore, the analysis of the officers' search and seizure is two-pronged: (1) when did the seizure of the

defendant occur, and (2) was the seizure and subsequent search unreasonable?

The first issue to be resolved is when, exactly, the seizure of the defendant began. "A person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall*, 446 U.S. 544 (1980). Such a restraint amounts to a seizure under the Fourth Amendment "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Id.* at 554.

The Sixth Circuit has held that a seizure occurs when an officer positions his cruiser in such a manner that an individual's "means of egress" are blocked. *United States v. Gross*, 662 F.3d 393, 399 (6th Cir. 2011); *United States v. See*, 574 F.3d 309, 313 (6th Cir. 2009). Here, the defendant's "means of egress" were never blocked. Indeed, it is plainly seen that the occupants of the parked car need only to drive straight in the direction the car was already facing in order leave the encounter with the officers. *See* Defense Exhibit 5 at 1:48.

A seizure may also be made upon other behaviors by police officers, including: "the threatening presence of several officers, the display of a weapon by an officer; some physical touching of the person or the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Mendenhall*, 446 U.S. at 554. However, officers are entitled to ask questions of an individual, examine identification, or request a consensual search, all without basis for suspecting the individual so long as officers do not convey that compliance is required. *Florida v. Bostick*, 501 U.S. 429, 434-35 (1991). Here, no action or show of authority occurred that would amount to a seizure. The officers, in their cruiser, approached the

3

parked car, stopped the cruiser next to the parked car, and while remaining in the cruiser, asked the occupant of the car's driver's seat to roll down his window. Though the police officers were in uniform and in a marked cruiser, the fact that the officers remained in the car would indicate to a reasonable individual that that individual retained the right to leave.

No actions by the officers amounted to a seizure until after the officers smelled marijuana. The scent of marijuana shall be used in the analysis of whether the officers had reasonable suspicion to justify the eventual seizure.

A police officer must have reasonable suspicion to justify a seizure. *Terry*, 393 U.S. at 30. The question of what constitutes reasonable suspicion is heavily dependent upon the facts of each case and does not lend itself to precise categorizations within the case law. *United States v. Harris,* 192 F.3d 580, 585 (6th Cir. 1999). An officer must be able to point to a specific, articulable facts which taken together reasonably warrant that intrusion. *Terry*, 392 U.S. at 30. In the context of a *Terry* stop, an individual's presence in an area of suspected activity, standing alone, is not enough to support a reasonable suspicion that a person has committed a crime. *Illinois v. Wardlow,* 528 U.S. 119, 124 (2000).

The scope of activities permitted during an investigative stop is determined by the circumstances that initially justified the stop. *United States v. Obasa,* 15 F.3d 603, 607 (6th Cir. 1994) (*citing United States v. Sharpe,* 470 U.S. 675, 682 (1985)). The search for weapons in the absence of probable cause to arrest must, like any other search, be strictly circumscribed by the exigencies which justify its initiation. Thus, the search must be limited to that which is necessary for the discovery of weapons which

4

might be used to harm the officer. *Strahan, supra,* at 158 (citing *Terry,* 392 U.S. at 25; *Ybarra v. Illinois,* 444 U.S. 85 (1980)). "The reasonable suspicion determination must be based on commonsense judgments and inferences about human behavior." *Wardlow*, 528 U.S. at 119–20.

The observed activity warranted further investigation. The following facts were adduced at the hearing. The officers' initial response was to the area of the parked vehicle from where individuals ran. As the officers pulled alongside of the parked car, the officers observed the defendant and the driver suspiciously slide down in their seats. To a reasonable officer, this behavior is consistent with an attempt to avoid police detection, further raising officers' suspicions. When the driver rolled down his window, the officers could smell marijuana coming from inside the vehicle. It is reasonable for an officer to believe that the smell of marijuana suggests possession of illegal drugs. The initial, limited intrusion and subsequent investigation were reasonable. Therefore, the totality of the circumstances supports the conclusion that the officers had reasonable suspicion to believe that criminal activity was afoot and their actions were justified.

## CONCLUSION

Therefore, the Defendant's Motion to Suppress Physical Evidence (Doc. 18) is **OVERRULED**.

**IT IS SO ORDERED.**

                                        *s/Michael R. Barrett*
                                        Michael R. Barrett
                                        United States District Judge