# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,

    Plaintiff,

v.

Bryant Gartrell,

    Defendant.

Case No. 1:18cr014-1

Judge Michael R. Barrett

## ORDER

This matter is before the Court on Defendant's Motion for Reconsideration (Doc. 40) of the Court's July 3, 2018 Order denying his Motion to Suppress Physical Evidence. The Government filed a Response (Doc. 41) and Defendant filed a Reply (Doc. 42).

In its prior Order, the Court held that "[n]o actions by the officers amount to a seizure until after the officers smelled marijuana," as Defendant's "'means of egress' were never blocked" and "no action or show of authority occurred that would amount to a seizure." (Doc. 26 at PageID 90-91). The Court then held that "the totality of the circumstances supports the conclusion that the officers had reasonable suspicion to believe that criminal activity was afoot and their actions were justified." (*Id.* at PageID 92).

"As this Court has observed before, the Federal Rules of Criminal Procedure make no provision for a motion to reconsider." *United States v. Stamper*, No. 1:15CR109, 2018 WL 1241575, at *6 (S.D. Ohio Mar. 9, 2018) (citing *United States v. Hopewell*, No. 1:08CR65, 2009 WL 1026452, at *1 (S.D. Ohio Apr. 15, 2009). Rather, "[c]ourts adjudicating such motions in criminal cases typically evaluate such motions under the

same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *Stamper*, 2018 WL 1241575, at *6 (quoting *United States v. Jarnigan*, No. 3:08CR7, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008)).  Under Federal Rule of Civil Procedure 59(e), "a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Stamper*, 2018 WL 1241575, at *6 (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005))).  Here, Defendant appears to rely on a need to prevent manifest injustice and asks the Court to reverse its finding that his means of egress were never blocked in light of the availability of the transcript from the Motion to Suppress Hearing.  (Doc. 40).

The Court has reviewed the prior briefing (Docs. 18, 20, 22, 23), its prior Order (Doc. 26), the Hearing transcript (Doc. 31), and the Motion for Reconsideration briefing (Docs. 40, 41, 42).  After that review, the Court notes that, in holding that "the totality of the circumstances supports the conclusion that the officers had reasonable suspicion to believe that criminal activity was afoot and their actions were justified," it stated that, "[a]s the officers pulled alongside of the parked car, the officers observed the defendant and the driver suspiciously slide down in their seas."  (Doc. 26 at PageID 92).  The Hearing transcript clarifies that Officer Osterman testified that, as the officers pulled alongside of the parked car, he observed that Defendant and the driver "were slumped down in their vehicle . . . sitting low in the vehicle as if to obscure themselves from sight," (Doc. 31 at PageID 157-58), whereas Sergeant Hale testified that, as the officers pulled alongside of the parked car, he observed "two individuals sitting in the vehicle, one in the front

2

passenger seat, one in the front driver's seat, and they started to slide down into the seat as if to conceal themselves so we would not see them," (*Id.* at PageID 186).  In an abundance of caution, the Court notes the difference in their testimony and finds that this difference does not change the Court's totality of the circumstances analysis, as Officer Osterman's and Sergeant Hale's testimony remains consistent with the Court's finding that "[t]o a reasonable officer, this behavior [either sliding down or being already slumped down] is consistent with an attempt to avoid police detection."  (Doc. 26 at PageID 92).

Other than noting this difference, and after a review of the parties' arguments and the Hearing transcript, the Court cannot conclude that it should reconsider its decision denying Defendant's Motion to Suppress Physical Evidence.  *See Leisure Caviar*, 616 F.3d at 615; *Intera Corp.*, 428 F.3d at 620.  Accordingly, Defendant's Motion for Reconsideration (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

                                                s/ Michael R. Barrett_____
                                                Michael R. Barrett
                                                United States District Judge